UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RHIANNON NICOLE TAGERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:22-CV-316-KAC-JEM |
| | ) | |
| ANAKEESTA, LLC & SAFE-STRAP | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT ANAKEESTA LLC'S "MOTION TO DISMISS"

Before the Court is the "Motion to Dismiss or in the Alternative to Transfer" filed by

Defendant Anakeesta, LLC (Anakeesta) [Doc. 12].  Anakeesta asserts that the Court should "either

dismiss this action" as to Anakeesta or "transfer this action to the Circuit Court for Sevier County

[] pursuant to Rule 12(b) or 28 USC [§] 14004(a) [sic]" because Plaintiff executed a Release that

contained a valid forum selection clause requiring "exclusive jurisdiction . . . in the State Courts

of the State of Tennessee" [*Id.* at 1].  Because the forum-selection clause in the Release Plaintiff

signed is applicable to the claims at issue, mandatory, valid, and enforceable and no extraordinary

circumstances counsel against dismissal, the Court **GRANTS** Anakeesta's "Motion to Dismiss"

[Doc. 12] and **DISMISSES** Plaintiff's claims against Anakeesta.

### I.      Background

On October 6, 2018, Plaintiff visited Anakeesta's Theme Park and purchased a ticket to

ride the Rail Runner Mountain Coaster [Doc. 32 ¶ 8].  While riding the Rail Runner, Plaintiff's

seatbelt allegedly came loose, "allowing her to be thrown off the Mountain Coaster onto the side

of the mountain resulting in . . . personal injuries and damages" [*Id.* ¶ 12].  On September 9, 2022,

Plaintiff filed suit against Defendants Anakeesta and Safe-Strap Company, LLC; the manufacturer

of the seatbelt on the Rail Runner [*See* Docs. 1, 32][1]. Plaintiff asserts claims against Anakeesta

for negligence and strict liability under Tennessee law arising out of her ride on the Rail Runner

[Doc. 32 ¶¶ 13-18, 19-22].

Neither Party challenges the fact that prior to riding the Rail Runner on October 6, Plaintiff

executed the "RELEASE AND WAIVER" [Doc. 12-1] (Release) [*See* Docs. 12, 33]. The Release

provides certain requirements for participation in "Anakeesta Mountain Activities," including the

"RAIL RUNNER COASTER" [Doc. 12-1 at 1]. The Release also includes a

forum-selection clause:

> I Agree that any and all disputes between myself, my heirs and
> assigns, and releases arising from my participation in the Activity,
> including any claims for personal injury and/or death, will be
> governed by the laws of the State of Tennessee, without regard to
> any conflicts of laws principles, and the ***exclusive jurisdiction
> therefore will be in the state courts of the State of Tennessee*** and
> venue in the state court shall be in the City of Gatlinburg in Sevier
> County.

[*Id.* at 2 (emphasis added)]. The Release also contains a severability provision: "I agree that if

anything in this Release cannot be enforced, then whatever is found to be unenforceable shall be

severed from the Release and the rest of the Release shall be enforced without the severed section"

---

[1] After Anakeesta filed its "Motion to Dismiss" [Doc. 12], Plaintiff filed an Amended Complaint [Doc. 32] to remedy deficiencies in her initial Complaint [Doc. 1] related to the Court's subject matter jurisdiction. An amendment to a complaint generally moots any pending motion to dismiss. *See Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is filing an amended complaint moots pending motions to dismiss."). However, where, as here, the Amended Complaint merely sets forth the basis for the Court's jurisdiction and is otherwise "substantially identical to the original complaint," the Court may apply the arguments in a pending motion to dismiss to those identical portions of the amended complaint. *See id.* (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014); *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020)).

[*Id.* at 1].  Anakeesta filed a "Motion to Dismiss or in the Alternative Transfer" under Rule 12(b) and 28 U.S.C. § 1404 based on the forum-selection clause in the Release [Doc. 12].

## II.    Analysis

As a preliminary matter, Plaintiff did not file the Release with her Amended Complaint [*See* Doc. 32].  Ordinarily, under Rule 12(d), when a Party presents material outside the pleadings in conjunction with a Rule 12(b)(6) motion, the Court may either consider the material and convert the motion to one for summary judgment or exclude the material and apply the standard set forth in Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(d); *Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993).  However, when considering a motion to dismiss or transfer under Section 1404 or the doctrine of *forum non conveniens*, the Court may consider properly-presented undisputed facts outside of the pleadings.  *See Price v. PBG Hourly Pension Plan*, 921 F.Supp.2d 765, 772 (E.D. Mich. 2013) (collecting cases); *Erausquin v. Notz, Stucki Management (Bermuda) Ltd.*, 806 F.Supp.2d 712, 724 (S.D.N.Y. 2011); *Lambert v. Melia Hotels Int'l S.A.*, 526 F.Supp.2d 1207, 1213 (S.D. Fla. 2021).  Because neither Party disputes that Plaintiff executed the Release, the Court may consider the Release in assessing Anakeesta's motion.

Where federal jurisdiction is based on diversity, "the enforceability of the forum selection clause is governed by federal law."  *Wong v. Partygaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).  A forum-selection clause can generally "be enforced through a motion to transfer under Section 1404(a)."  *Atlantic Marine Const. Co., v. U.S. Dist. Court for the Western Dist. of TX et al.*, 571 U.S. 49, 59 (2013).  However, Section 1404(a) does not permit a federal court to transfer a case to a state court.  *Id.* at 60.  Instead, "the appropriate way to enforce a forum-selection clause pointing to a state . . . forum is through the doctrine of *forum non conveniens*."  *Id.*  "[B]ecause both

3

§ 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at 61.

Evaluating a forum selection clause is a two-step process. First, the Court determines whether a forum-selection clause is "applicable to the claims at issue, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Company, LLC*, 16 F.4th 209, 215-216 (6th Cir. 2021). If so, Plaintiff's "choice of forum 'merits no weight' and the courts consider arguments only under the public-interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Id.* at 215 (quoting *Atlantic Marine*, 571 U.S. at 63-64 (alteration in original)). At this second step, Plaintiff "bears the burden of showing that the public interest factors weigh heavily against dismissal." *Id.* at 216. The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law, and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981) (quotations and citations omitted). Because the public interest factors "will rarely defeat" a valid forum selection clause, "the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 64.

Here, at step one of the analysis, the forum-selection clause in the Release is applicable to the claims at issue, mandatory, valid, and enforceable. Plaintiff does not dispute the applicability, validity, enforceability, or mandatory nature of the forum-selection clause [*See* Doc. 33]. Instead,

4

she argues that a venue provision in the Release is void and that a purported exculpatory provision in favor of Anakeesta in the Release is void as a matter of Tennessee law and public policy [*Id.* at 1, 2-6]. But neither of these arguments bear on the legality of the forum-selection clause itself. The undisputed facts are that Plaintiff signed the Release; the Release covers Plaintiff's participation in "Anakeesta Mountain Activities," including the "RAIL RUNNER COASTER;" and the relevant Parties agreed to "exclusive jurisdiction" "in the state courts of the States of Tennessee" for "any and all disputes" "arising from" Plaintiff's participation in the defined activities [*See* Docs. 12-1, 12, 33]. The ultimate validity of the separate venue provision and any exculpatory provision does not bear on the Court's inquiry at this stage in the litigation. Moreover, the severability provision in the Release provides that even if there are unenforceable provisions in the Release, the remainder of the Release "shall be enforced without the severed section" [Doc. 12-1 at 1]. Thus, even if the venue provision and any exculpatory provision are void, as Plaintiff argues, the forum-selection clause remains valid. Accordingly, the forum-selection clause in the Release is applicable to the claims at issue, mandatory, valid, and enforceable. *See Lakeside Surfaces, Inc.*, 16 F.4th at 216.

At step two of the analysis, because the forum-selection clause is applicable, mandatory, valid, and enforceable, Plaintiff bears the burden of establishing that public-interest factors "weigh heavily against dismissal." *Id*. She has failed to meet that burden. Plaintiff did not make an argument regarding why the public-interest factors weigh against permitting Plaintiff's tort claims under state law against Anakeesta to proceed in Tennessee state court [*See* Doc. 33]. But even if she had, none of the public-interest factors counsel against Plaintiff's claims proceeding in Tennessee state court. Plaintiff pled her claims against Anakeesta under Tennessee state law, suggesting that she believes Tennessee law controls [*See* Doc. 32 ¶¶18, 19]. Tennessee state courts

are "at home with" Tennessee tort law, and there is a "local interest in having localized controversies decided at home" in Tennessee. *See Piper Aircraft Co.*, 454 U.S. at 241 n. 6. Moreover, there is no indication that any administrative difficulties or jury issues exist in Tennessee's state courts that do not exist in this Court. *See id.* Thus, the public-interest factors weigh in favor of dismissal of Plaintiff's claims against Anakeesta. Moreover, this is not an unusual case where "extraordinary circumstances unrelated to the convenience of the parties" compel the Court to undermine a valid forum-selection clause. *See Atlantic Marine*, 571 U.S. at 62.

## III.     Conclusion

Accordingly, the Court **GRANTS** the "Motion to Dismiss or in the Alternative to Transfer" filed by Defendant Anakeesta, LLC [Doc. 12] and **DISMISSES** Plaintiff's claims against Defendant Anakeesta, LLC.

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge